IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

KATHY O'DELL,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC;
TRANS UNION, LLC; and EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.

Civil Action No. 7:17CV423

## COMPLAINT

COMES NOW Plaintiff, Kathy O'Dell ("Plaintiff"), by counsel, and files this Complaint against Defendants, Equifax Information Services, LLC ("Equifax"); Trans Union, LLC ("Trans Union"); and Experian Information Solutions, Inc. ("Experian"), (collectively "Defendants"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i

3. In this case, the servicer of Plaintiff's home mortgage account, Bank of America, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Equifax, Experian, and Trans Union, Defendants failed to correct Plaintiff's credit reports.

4. Accordingly, Plaintiff alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Trans Union is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Experian is a foreign corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

11. In late 2013, Plaintiff entered a Home Affordable Modification Program Trial Period Plan with Bayview Loan Servicing, which was servicing her loan at the time.

12. Plaintiff made all her payments as instructed and was offered and accepted a permanent modification with Bayview Loan Servicing effective November 1, 2014.

13. Plaintiff made all her permanent modification payments as agreed to with Bayview Loan Servicing.

14. The servicing of Plaintiff's mortgage account was later transferred from Bayview Loan Servicing to Bank of America effective August 16, 2016.

15. Plaintiff continued to make her permanent modification payments to Bank of America.

16. On or about April 2017, Plaintiff obtained copies of her credit reports, which erroneously reflected that her Bank of America mortgage account was past due for the period of December 2016 through March 2017.

17. This information was erroneous as Plaintiff had been making timely modified payments in accordance with her modification agreement with Bayview Loan Servicing.

18. On or around April 21, 2017, Plaintiff sent written disputes letters to Equifax, Experian, and Trans Union. With her dispute letters, she provided proof of her payments.

19. Equifax, Experian, and Trans Union sent Plaintiff correspondences indicating that they had not corrected the inaccurate and derogatory information regarding Plaintiff's Bank of America account.

20. Plaintiff continued making all monthly payments to Bank of America in the amount required by the permanent modification.

21. In June of 2017, Plaintiff issued follow-up dispute letters to Equifax, Trans Union, and Experian indicating that Bank of America was continuing to furnish derogatory and inaccurate information that was being reported by Equifax, Trans Union, and Experian.

22. Equifax, Experian, and Trans Union again failed to conduct a proper investigation. Plaintiff's mortgage account information has not been corrected and remains inaccurate.

23. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

24. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation"

results once Bank of America provided its response to Plaintiff's disputes, verifying the status of the account, and they did not take any additional to verify the accuracy of the information that Bank of America provided.

25. Instead, Defendants blindly accepted Bank of America's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

26. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

27. Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

28. Instead, Defendants intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' violations of the FCRA were willful.

<u>**COUNT ONE:**</u>
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(ALL DEFENDANTS)**

29. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

30. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

31. Because of Equifax, Experian, and Trans Union's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

32. Equifax, Experian, and Trans Union's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs,

5
Case 7:17-cv-00423-MFU   Document 1   Filed 09/11/17   Page 5 of 7   Pageid#: 5

and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (ALL DEFENDANTS)

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34. Equifax, Experian, and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Bank of America with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

35. Because of Defendants' violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

36. Defendants' violations of § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; her attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

        Respectfully submitted,
        **KATHY O'DELL**

        By: */s/ Kristi C. Kelly*
        Kristi C. Kelly, Esq., VSB #72791
        Andrew J. Guzzo, Esq., VSB #82170
        KELLY & CRANDALL, PLC
        3925 Chain Bridge Road, Suite 202
        Fairfax, VA 22030
        (703) 424-7572
        (703) 591-0167 Facsimile
        Email: kkelly@kellyandcrandall.com
        Email: aguzzo@kellyandcrandall.com

        *Counsel for Plaintiff*

7
Case 7:17-cv-00423-MFU   Document 1   Filed 09/11/17   Page 7 of 7   Pageid#: 7